IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULYSSES W. MCKINNEY, III, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:12-cv-1376-N (BF) |
| VERIZON COMMUNICATIONS, INC., | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this employment discrimination case to the United States Magistrate Judge for pretrial management. Defendant Verizon Communications, Inc. has requested that Plaintiff Ulysses W. McKinney, III, who is proceeding *pro se* and *in forma pauperis*, be ordered to pay $5,651.00 for attorney's fees and costs incurred in connection with the filing of its motion to compel discovery. Plaintiff was ordered to file a written response to Defendant's request, but failed to do so. The Court therefore considers Defendant's request without the benefit of a response.

Federal Rule of Civil Procedure 37(a)(5) provides that:

> If the motion [to compel] is granted -- *or if the disclosure or requested discovery is provided after the motion was filed* -- the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

       (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Thus, when a party produces discovery only after a motion to compel is filed, Rule 37 calls for an award of the moving party's expenses unless the motion was not filed in good faith, the nonmovant's failure to produce the discovery earlier was substantially justified, or sanctions would be otherwise unfair. *See id.*

  In this case, Defendant filed a Motion to Compel Plaintiff's Production of Documents and Request for Expedited Consideration. The Court set Defendant's motion for a hearing and ordered Plaintiff to bring with him to the hearing all documents responsive to Defendant's First Request for Production of Documents which had not yet been produced. *See* Order (Doc. 25), 1/21/13 and Order (Doc. 26). 1/28/13. On the morning of the scheduled hearing, Plaintiff agreed to produce all responsive documents which had not yet been produced. Accordingly, the Court cancelled the hearing, denied the motion to compel as moot, and ordered Defendant to file a declaration addressing the fees and costs incurred in filing its motion. Order (Doc. 29), 2/4/13.

  Defendant's counsel E. Cynthia Uduebor Washington filed a sworn declaration stating that Defendant incurred $5,651.00 in attorney's fees and costs in connection with the filing of its motion to compel. *See* Doc. 31 at 4, ¶ 19. Ms. Washington further states that she attempted in good faith to resolve the discovery dispute with Plaintiff before filing the motion to compel. *Id.* at 2, ¶ 5. Plaintiff produced the requested discovery only after Defendant filed its motion to compel. Thus, the Court must award Defendant its attorney's fees unless Plaintiff establishes that his failure to produce the discovery earlier was substantially justified or sanctions would be otherwise unfair.

Plaintiff has not responded to Defendant's fee application. Nor has he made any effort to show cause why the Court should not order him to pay Defendant's reasonable expenses, including attorney's fees, incurred in bringing its motion to compel. A party's lack of financial resources does not make an award of fees unjust. *See, e.g. Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (*pro se* litigant's indigency does not make an award of expenses unjust under Rule 37). The Court therefore determines that Plaintiff should be ordered to pay $5,651.00 to Defendant for attorney's fees and costs incurred in bringing the motion to compel.

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's request for attorney's fees and costs incurred in connection with the filing of its motion to compel and order Plaintiff to pay $5,651.00 to Defendant.

SO RECOMMENDED, October 10, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).