IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULYSSES W. MCKINNEY, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-1376-N (BF) |
| | § | |
| VERIZON COMMUNICATIONS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ulysses W. McKinney, III, proceeding *pro se*, has filed a document entitled Motion and Brief in Support of Appeal Order for Summary Judgment in which he asks the Court to reconsider its decision to grant summary judgment in favor of Defendant Verizon Communications, Inc. on the basis of "new evidence." A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Fed. R. Civ. P. 59 or a motion for relief from judgment under Fed. R. Civ. P 60(b) depending on when it was filed. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir.2010); *Greer v. Richardson Indep. Sch. Dist.*, 752 F.Supp.2d 759, 761 (N.D. Tex. 2010). Because Plaintiff filed his motion more than 28 days after the entry of judgment in this case, the Court construes the motion as a Rule 60(b) motion for relief from judgment. *Estate of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F.Supp.2d 632, 633 (S.D. Tex. 2012); *see also* FED. R. CIV. P. 6(b)(2) (court must not extend the time to act under Rules 59(b), (d), and (e) or 60(b)).

Rule 60(b)(2) provides that a court may relieve a party from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move

for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b). To obtain Rule 60(b)(2) relief, Plaintiff must demonstrate: (1) that he exercised due diligence in obtaining the new evidence; and (2) that the evidence is "material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Id.* at 640.

Plaintiff asserts that his motion is based on new evidence in the form of "notarized statements" from Daniel Angianue, Alex Delagarza, and James Simon. Plf. Mot. at 1. Although Plaintiff failed to submit the statements themselves in support of his motion, he generally describes the evidence as "eye witness accounts" that dispute testimony by "key Defense witness[es]" that was included in the summary judgment record. *Id.* Angianue and Delagarza purportedly dispute Debra Pfiefer's testimony that she never gave Plaintiff any rides to or from work and, thus, never had an opportunity to ask Plaintiff about his race. *See id.* Angianue also allegedly disputes Keith Stephens's testimony that Stephens did not know Plaintiff's race. *See id.* Simon allegedly states that Pfiefer "awarded Caucasian employees special treatment in the form of circumventing company rules and policies." *Id.*

Plaintiff offers no explanation for why this evidence was not submitted earlier and wholly fails to demonstrate that he exercised due diligence in obtaining the eye witness accounts. More importantly, Plaintiff fails to show that the evidence is material and controlling and clearly would have changed the result. The Court determined Defendant was entitled to summary judgment because Plaintiff failed to prove a prima facie case of race discrimination and failed to rebut Defendant's legitimate, nondiscriminatory reason for terminating his employment. Angianue's and

2

Delagarza's alleged statements that contradict Pfiefer's and Stephens's testimony is merely impeaching, and Simon's testimony is cumulative of other evidence that was included in the summary judgment record. None of the purported new evidence is sufficient to raise a genuine issue as to whether Defendant's decision to terminate Plaintiff's employment was based on his race. Plaintiff is not entitled to Rule 60(b) relief on basis of his purported new evidence.

Rule 60(b)(6) also permits relief from a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This provision is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). In order to prevail on a motion under Rule 60(b)(6), Plaintiff must show that "extraordinary circumstances are present." *Id.* Plaintiff's belief that Pfiefer and Stephens offered perjured testimony in support of Defendant's motion for summary judgment is not an extraordinary circumstance entitling him to relief.

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court DENY Plaintiff's Motion and Brief in Support of Appeal Order for Summary Judgment (Doc. 57).

SO RECOMMENDED, October 24, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).